IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARDOCHE OLIVIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-3285 |
| ) | Judge Trauger |
| ROSS H. HICKS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

The plaintiff Mardoche Olivier, proceeding *pro se*, has filed a civil rights complaint against defendant Ross H. Hicks. (ECF No. 1.)[1] Additionally, the plaintiff has applied to proceed *in forma pauperis*. (ECF No. 2)

Because it is apparent from the plaintiff's application that he lacks sufficient resources from which to pay the required filing fee, his application to proceed *in forma pauperis* (ECF No. 2) will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47

---

[1] It bears noting that over the course of a three week period, from December 14-27, 2016, the plaintiff filed nine separate *pro se* lawsuits in this court, including the instant action. *See Oliver v. Auto Transport et al.*, Case No. 3:16-cv-3255 (M.D. Tenn. Dec. 14, 2016); *Olivier v. Jones et al.*, Case No. 3:16-cv-3256 (M.D. Tenn. Dec. 14, 2016); *Olivier v. Salcedo et al.*, Case No. 3:16-cv-3284 (M.D. Tenn. Dec. 21, 2016); *Olivier v. Ayers*, Case No. 3:16-cv-3286 (M.D. Tenn. Dec. 21, 2016); *Olivier v. McMillian et al.*, Case No. 3:16-cv-3288 (M.D. Tenn. Dec. 21, 2016); *Olivier v. Goble*, Case No. 3:16-cv-3304 (M.D. Tenn. Dec. 27, 2016); *Olivier v. Grimes*, Case No. 3:16-cv-3305 (M.D. Tenn. Dec. 27, 2016); *Olivier v. City of Clarksville et al.*, Case No. 3:16-cv-3306 (M.D. Tenn. Dec. 27, 2016).

(Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the plaintiff's action will be dismissed because he fails to state a claim upon which relief may be granted and because he seeks relief against a defendant who is immune from suit.

I.     **FACTUAL ALLEGATIONS**

In his complaint, the plaintiff alleges that on December 9, 2016, he filed an inverse condemnation suit against the City of Clarksville and sought to proceed as a pauper under state law. On December 13, 2016, the defendant allegedly "instructed clerks not to all [sic] [the plaintiff] to file any civil complaints stating that plaintiff must pay all costs in previously dismissed cases before he will be allowed to proceed on further cases on a[n] indigency basis." (ECF No. 1 at Paged ID# 2.) The plaintiff alleges that the defendant unlawfully dismissed his prior lawsuits to protect the City of Clarksville and its employees from suit. The plaintiff claims that the defendant has violated his rights under 18 U.S.C. §§ 241 and 242.

As relief, the plaintiff seeks monetary damages and an injunction restricting the defendant from being a judge in the plaintiff's court cases.

II.     **STANDARD OF REVIEW**

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on

which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out

3

in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

**III.    DISCUSSION**

The plaintiff alleges that the defendant violated his rights under 18 U.S.C. §§ 241 and 242 when the defendant unlawfully dismissed the plaintiff's previous lawsuits and when he prohibited the plaintiff from filing any more lawsuits as a pauper under state law, until he paid outstanding costs due in connection with previously dismissed lawsuits.

Assuming for the sake of argument that the plaintiff could ever state a §1983 claim in connection with the adjudication of his lawsuits in state court, neither §§ 241 nor 242 provide for a private right of action. *See Davis v. Sarles*, 134 F.Supp.3d 223, 228 (D.D.C. 2015) (noting that 18 U.S.C. §§ 241 and 242 are federal criminal statutes and do not create a private right of action); *Diaz Aviation Corp. v. Airport Aviation Servs., Inc.*, 762 F. Supp. 2d 388, 393 (D.P.R. 2011) (same); *Peabody v. United States*, 394 F. 2d 175 (9th Cir. 1968) (same). Consequently, the plaintiff fails to state a claim upon which relief may be granted and his complaint must be dismissed.

However, even if the plaintiff had sufficiently stated a claim, his complaint would still be dismissed because the plaintiff sues a defendant who is immune from suit.

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (recognizing that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of

person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles,* 502 U.S. at 12.

The plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that adjudicating the plaintiff's prior lawsuits and interpreting state law as it relates to the plaintiff's ability to continue to file lawsuits as a pauper under state law were judicial acts and, the plaintiff does not suggest that the defendant was acting without jurisdiction to do so.

Moreover, injunctive relief is also not available against the defendant because injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). The plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, the plaintiff's claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Based on the foregoing, the defendant is absolutely immune from liability and this action must be dismissed.

## IV. CONCLUSION

Because the plaintiff fails to state a claim upon which relief may be granted and sues a defendant who is immune from suit, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); *cf. Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571-73 (6th Cir. 2003) (affirming a district court's dismissal under § 1915(e)(2) of a complaint filed by a non-prisoner who was proceeding *in forma pauperis*),. For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge